PEARL BASS v. ANDREW MORTON et al.*

(*Nashville*. December Term, 1926.)

Opinion filed May 7, 1927.

**ADOPTION OF CHILD. Jurisdiction. Judgment. Inheritance.**
Having jurisdiction of the petition seeking the adoption of a child, and of the subject-matter, the court under section 5410, Shannon's Code, has the power to direct the terms of adoption, according to its discretion, and is not controlled, by the terms of the petition, seeking to exclude the right of inheritance by the child. (Post, p. 380.)

**Citing:** Shannon's Code, sections 5409, 5410-5411.

---

*Headnotes 1. Adoption of Children, 1 C. J., section 95 (Anno); 2. Adoption of Children, 1 C. J., section 99; 3. Adoption of Children, 1 C. J., section 59 (Anno).

---

FROM DAVIDSON.

---

Appeal from the Chancery court of Davidson county. —HON. JOHN R. AUST, Chancellor.

CAMPBELL & CAMPBELL, JOS. MARTIN and J. E. KEEFE, JR., for appellant.

R. P. DEWS, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

Complainant, claiming by inheritance as the adopted child of Winnie F. Robinson who died without issue, filed the bill to recover the estate. Defendants, collateral kin

of Winnie F. Robinson, demurred to the bill and insist that the adoption proceedings conferred no right of inheritance upon complainant.

They insist that so much of the decree in the adoption proceedings as declares the right of the adoptive child to inherit from the petitioner, is *coram non judice* and void, because the petition by express terms excludes the right of inheritance by the child.

The adoption proceedings are made a part of the bill. Looking to these the Chancellor held that the county court had jurisdiction of the parties and the subject-matter, and that the decree of the court did not exceed the powers conferred by Statute. An appeal was granted from the decree overruling the demurrer, and defendants through assignments of error urge that the decree of adoption awarded relief beyond the scope and purpose of the petition and is void.

The petition filed by Winnie F. Robinson recites that she is a widow without children, but has the care and possession of Pearlie Lee Edwards, nine years of age, to whom she has become fondly attached, and is willing and anxious to adopt her as a child of her own. The petition proceeds:

"Petitioner would further show to your honor that she has become fondly attached to the said Pearlie Lee Edwards, and is willing and anxious to adopt her as a child of her own, that she may have full care and control over her, but without the rights of inheritance to her estate, except by will or devise." Then follows the prayer asking a decree of adoption. After setting forth the petition the decree concludes:

"And said petition having been seen, heard and fully understood by the court and unexcepted to, is in all

things granted. And it is ordered, adjudged and decreed by the court that the said child, Pearlie Lee Edwards be and she is hereby and herein adopted to the said Winnie F. Robinson as a child of her own, that she may inherit and succeed to the estate of the said Winnie F. Robinson, as though she had been born to her in lawful wedlock and that her name be Pearlie Lee Robinson in the place and stead of Pearlie Lee Edwards.''

The Statute carried into Sections 5409, *et seq.* of Shannon's Code, provides that any person wishing to adopt a child shall apply by petition setting forth the reasons for the adoption and the terms of the adoption, and that the court if satisfied with the reasons given may sanction the adoption by a decree entered upon the minutes embodying the petition and directing the terms. The Act then declares that the effect of the adoption, unless especially restrained by the decree, is to confer upon the person adopted privileges of a child to the applicant, with capacity to inherit and succeed to the real and personal estate of the applicant, as heir and next of kin; but the adoption gives to the person seeking it no mutual rights of inheritance and succession, nor any interest whatever in the estate of the person adopted.

Assuming that it was the purpose of the petitioner to declare in the petition the terms of adoption so as to exclude the rights of the adopted child to inherit from the adoptive parent, the county court upon hearing the petition refused to agree to the terms expressed in the petition and in the decree declared that the adopted child should inherit. Having jurisdiction of the petitioner and of the subject-matter, the court had the power, under section 5410, Shannon's Code, to direct the terms of adoption according to its discretion.

If not satisfied with the terms declared in the decree, petitioner could have abandoned the proceeding or could have sought correction of the decree by a direct attack. After the lapse of twenty years the decree cannot be collaterally attacked. Moreover, it does not appear that petitioner intended to exclude the right of the adopted child to inherit. The clause of the petition which the defendants insist was intended to exclude Pearl Lee Edwards from the right of inheritance, was the inclusion of Section 5411, Shannon's Code, which denies the mutual right of inheritance to the adoptive parent.

In recognition of this provision of the Statute petitioner renounced the right of inheritance which the Statute forbade. This intention is expressed by the language of the petition, when rendered as follows:

"Petitioner (Winnie F. Robinson) would show . . . that she (Winnie F. Robinson) has become fondly attached to the said Pearlie Lee Edwards and is willing and anxious to adopt her (Pearlie Lee Edwards), as a child of her (Winnie F. Robinson's), own, that she (Winnie F. Robinson) may have full care and control over her (Pearlie Lee Edwards), but without the rights of inheritance to her (Pearlie Lee Edwards) estate, except by will or devise."

In our opinion upon both the foregoing grounds the decree of the Chancellor should be affirmed.